UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21-cr-00579-1 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 45] |
| v. | : |  |
| TODD B. CUMBERLEDGE, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Todd Cumberledge currently serves a 70-month sentence after pleading guilty to being a felon in possession of firearms and ammunition.[1] Defendant Cumberledge pled guilty under Federal Rule of Criminal Procedure 11(c)(1)(B). With his Rule 11(c)(1)(B) plea agreement, Cumberledge agreed "that the recommendations of the parties will not be binding upon the Court, [and] that the Court alone will decide the advisory guideline range under the Sentencing Guidelines."[2]

In accepting Cumberledge's guilty plea, the government agreed to recommend an offense level of 19 after acceptance of responsibility.[3]

At sentencing, the government recommended an offense level of 19, as required.[4] The Court disagreed. The Court found that a two-level enhancement applied because one of Cumberledge's firearms was stolen, so the Court set the offense level at 21.[5]

---

[1] Doc. 29-1 at 1–2.
[2] Doc. 22 at ¶ 14.
[3] *Id.* at ¶¶ 16–17.
[4] Doc. 38 at 4:10–13.
[5] *Id.* at 3:21–23, 15:24–16:8.

Case No. 1:21-cr-00579-1
GWIN, J.

Cumberledge now seeks to vacate his sentence under 28 U.S.C. § 2255.[6] Cumberledge argues that his trial counsel was ineffective for failing to investigate the facts surrounding the stolen-firearm enhancement.[7] Cumberledge also argues that the Court committed procedural error when it applied the stolen-firearm enhancement, and that it violates due process to apply the stolen-firearm enhancement without requiring mens rea.[8]

For the reasons that follow, the Court **DENIES** Cumberledge's § 2255 motion.

I. DISCUSSION

A. Discovery

As an initial matter, Cumberledge appears to request discovery.[9] However, Cumberledge does not identify what discovery he seeks, or how discovery would aid his § 2255 motion. The Court therefore **DENIES** discovery.

B. Ineffective Assistance of Counsel

Cumberledge says that his trial counsel failed to fully investigate whether one of Cumberledge's firearms was actually stolen such that the stolen-firearm sentence enhancement could apply.[10] Specifically, Cumberledge claims that his firearm was legitimately purchased, and Cumberledge points to evidence from Melissa Rogers to make this point.[11]

Because Cumberledge pled guilty, to succeed on his ineffective assistance claim, Cumberledge must show: (1) "that counsel's representation fell below an objective standard

---

[6] Doc. 45.
[7] Doc. 45-1 at 7–9.
[8] *Id.* at 10–12.
[9] *Id.* at 9–10.
[10] *Id.* at 7–9.
[11] Docs. 45-2, 45-3.

- 2 -

Case No. 1:21-cr-00579-1
GWIN, J.

of reasonableness," and (2) "there is a reasonable probability that, but for counsel's errors, [Cumberledge] would not have pleaded guilty and would have insisted on going to trial."[12]

Proving that counsel performed unreasonably is a tall task. "Judicial scrutiny of counsel's performance must be highly deferential."[13] So, when evaluating counsel's performance, courts begin with the presumption that counsel's challenged actions are "sound trial strategy.[14]

In this case, the Court finds that counsel's performance was not objectively unreasonable.

Cumberledge's trial counsel properly investigated whether Cumberledge's gun was stolen. In fact, trial counsel spoke to Melissa Rogers, the very witness Cumberledge now relies on to prove that his gun was not stolen.[15] And at sentencing, trial counsel brought up some of the same evidence—a bill of sale—that Cumberledge offers on this § 2255 motion.[16]

Further, Cumberledge's trial counsel was able to successfully convince the government not to include the stolen-firearm enhancement in Cumberledge's plea deal.[17] The fact that trial counsel did not also convince the Court does not render counsel ineffective.[18]

---

[12] *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (first quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and then quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).
[13] *Strickland*, 466 U.S. at 689.
[14] *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).
[15] Doc. 38 at 7:23–8:1.
[16] *Id.*; Doc. 45-3. The original bill of sale was lost, so Cumberledge gives the Court a "duplicate." Doc. 45-3. Although the document is labelled as a duplicate, it does not appear to be a copy of the original bill of sale. Rather, the document seems more like a handwritten affidavit. *See id.*
[17] Doc. 38 at 4:15–24.
[18] *Strickland*, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Case No. 1:21-cr-00579-1
GWIN, J.

Since Cumberledge failed to show that his trial counsel acted unreasonably, the Court need not address the ineffective assistance claim's second prong.[19] And in any event, Cumberledge's sentence falls within the plea deal sentencing range.[20] Therefore, Cumberledge's ineffective assistance claim fails.

### C. Procedural Error

Cumberledge also argues that the Court committed procedural error when it applied the stolen-firearm sentence enhancement.[21] However, such procedural errors are not cognizable under § 2255.[22] That is particularly true where, as is the case here, a defendant's sentence falls within the defendant's plea-agreed sentencing range under what the defendant views as the "correct" guidelines calculation.[23] Cumberledge's procedural error claim fails as well.

### D. Due Process

Finally, Cumberledge argues that it violated due process to apply the stolen-firearm enhancement without proving that Cumberledge had any mens rea.[24] This last claim fails because it is well-established that it is constitutional to apply the stolen-firearm enhancement without any mens rea requirement.[25]

## II. CONCLUSION

The Court **DENIES** Cumberledge's request for discovery and **DENIES** Cumberledge's § 2255 motion.

---

[19] *Strickland*, 466 U.S. at 697.
[20] Doc. 24 at ¶ 72.
[21] Doc. 45-1 at 10.
[22] *Snider v. United States*, 908 F.3d 183, 189–91 (6th Cir. 2018).
[23] *Id.* at 191. If Cumberledge is correct that his offense level is 19, the guidelines range would be 57 to 71 months. Doc. 24 at ¶ 72. Cumberledge's actual 70-month sentence falls within that range.
[24] Doc. 45-1 at 11.
[25] *United States v. Burns*, 109 F. App'x 52, 56 (6th Cir. 2004) (collecting cases).

Case No. 1:21-cr-00579-1
GWIN, J.

  IT IS SO ORDERED.

Dated: February 6, 2024        *s/  James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE